**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Casualty Company of Reading, Pennsylvania,<br><br>    Plaintiff/Defendant,<br><br>vs.<br><br>Valerie A. Kemper and John Doe Kemper, wife and husband,<br><br>    Defendants/Plaintiffs. | No. CV-07-1149-PHX-GMS<br>No. CV-07-1520-PHX-GMS<br>(Consolidated)<br><br>**ORDER** |

Pending before this Court is Defendant's Motion Regarding Lack of Necessity for a Reasonableness Hearing (Dkt. # 41)[1]. The Motion asks the Court to determine in advance whether Defendant American Casualty is entitled to a reasonableness hearing, should it be determined that it has breached its obligation to indemnify its insured on matters on which judgment has now been entered in Maricopa County Superior Court. While American Casualty has indicated that it will at some point in this proceeding request a *Morris* hearing, *see* Report Re: Rule 26(f) Planning Meeting (Dkt. # 33) at p. 4, it has not yet done so.

---

[1] Plaintiff has requested oral argument. That request is denied because the parties have thoroughly discussed the law and the evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

**BACKGROUND**

The facts underlying Kemper's motion are apparently as follows: Plaintiff Valerie Kemper and her company, West Valley Psychological Services sued Kathleen Bynum in Maricopa County Superior Court for contract and tort claims including defamation. Bynum had previously purchased a professional liability policy from American Casualty. While American Casualty initially agreed to provide a defense to Bynum, it did so under a reservation of rights. American Casualty paid Bynum's defense costs for two years. But, at the end of June 2006, it informed Bynum that it would not indemnify her for the claims made by Kemper. It nevertheless agreed to continue to provider her with a defense through trial, although indicating it was doing so as a matter of courtesy rather than obligation.

Bynum's counsel kept American fully apprised of the status of settlement discussions as they progressed, including the possibility of resolving the case by entering into a *Damron/Morris* agreement with Kemper. Both parties to the settlement invited American Casualty's participation in settlement, but American Casualty consistently declined. In approximately March 2007 Bynum entered into a *Damron/Morris* agreement with Kemper. She did so by making a personal payment on the contract based claims and by agreeing to a $750,000 judgment on Kemper's defamation claims with a covenant not to execute as to the defamation damages and an assignment to Kemper of any claims Bynum might have against American Casualty. All of Kemper's other claims against Bynum were dismissed.

Shortly thereafter, on June 7, 2007 American Casualty filed an action in this court for a declaratory judgment to determine whether it had a coverage obligation on the underlying claim. Kemper similarly filed claims in this court against American Casualty for breach of contract and for breach of the covenant of good faith and fair dealing. These matters have been consolidated. Kemper's instant motion asserts that, due to American Casualty's failure to timely intervene in the Maricopa County Superior Court action, it has waived any right it had to contest the reasonableness of the amount of the defamation judgment. Kemper further argues that American Casualty actually breached its duty to defend because, as of June 2006,

1  it withdrew its existing settlement offer, refused to participate further in any settlement
2  discussions, and flatly determined that it would not provide indemnity on the underlying
3  claim.

## ANALYSIS

It is clear that American did not provide Bynum with an unqualified defense. It reserved its rights both as to the underlying coverage and its defense obligations. And, it eventually informed Bynum that it would not provide coverage for the claims against her. Nevertheless, American Casualty did provide Bynum with a defense through the entire course of Kemper's action against her, through and including settlement, and Kemper in her present motion does not contend otherwise. Kemper in effect argues that when American Casualty ultimately told Bynum, as it did, that it would not indemnify her for the underlying claim, it breached its duty to defend and, separately, to indemnify. As a result, Kemper argues, American Casualty forfeited its right to claim a reasonableness hearing in contradistinction to the insurer in *United Servs. Auto Ass'n v. Morris*, 154 Ariz. 113, 741 P.2d 246 (1987). In *Morris* the insurer defended under a reservation of rights, but had made no definitive determination that it would provide no coverage.

That attempted distinction does not withstand analysis. The applicable Arizona law ties the insurer's ability to request a reasonableness hearing to an insurer's compliance with its obligation to provide a defense, but it does not require a defense without reservation. *Morris*, 154 Ariz. at 113, 741 P.2d at 246 (holding that an insurer that provided a defense is only liable for the amount of the agreed upon judgment that is reasonable); *see also, Himes v. Safeway Ins. Co.,* 205 Ariz. 31, 41 ¶ 30, 66 P.3d 74, 84 (App. 2003) (stating that "by meeting its duty to defend, [an insurer] is entitled to a reasonableness hearing on the issues of damages in spite of the alleged failure to treat settlement offers with equal consideration."), *Mora v. Phoenix Indem. Ins. Co.,* 196 Ariz. 315, 319 ¶¶ 16-17, 996 P.2d 116, 120 (App. 1999) (stating that an insurer only forfeits its right to a reasonableness hearing when "there was a complete breach of the duty to defend"). *Anderson v. Martinez,* 158 Ariz. 358, 762 P.2d 645 ("*McGough* and *Kepner* state that if an insurer refuses to *defend*

- 3 -

1  its insured, the insurer may have waived its right to intervene in the defense. . . . It is
2  undisputed that Farmers provided a defense to its insured and the driver of the car."). Thus,
3  pursuant to Arizona law, Arizona Casualty is not categorically excluded from the right to
4  timely claim a reasonableness hearing because American Casualty provided a defense to
5  Bynum.

6  Kemper's attempt to argue that American Casualty forfeited its right to a
7  reasonableness hearing because it breached its obligation to indemnify is equally
8  unpersuasive. Whether American Casualty ultimately breached its obligation to indemnify
9  Bynum shall be determined by this action, it was not determined in the underlying action.
10 It is difficult to ascertain how American Casualty would forfeit rights by not asserting them
11 in the underlying action, when the basis for the asserted forfeiture will be determined in this
12 subsequent action.

13 It is true that *Himes,* in particular, suggests that the insurer's failure to intervene in a
14 timely fashion may result in the loss by the insurer of the right to request a reasonableness
15 hearing. *Himes*, 205 Ariz. at 43 ¶ 41, 66 P.3d at 87. Certainly, as *Himes* noted, quoting
16 *Anderson,* it would "serve the purpose of judicial economy to permit the insurer to
17 [intervene] when all of the parties are involved and can present evidence to the court on the
18 issue at one hearing." Id. quoting *Anderson,* 158 Ariz. at 363, 762 P.2d at 650. It is also true
19 that Bynum is not a party to this case. However, as the Arizona courts have subsequently
20 noted, there are, in situations like this, countervailing considerations. Simply put, "litigating
21 the reasonableness of an agreement prior to determining coverage may result in unnecessary
22 consumption of judicial and private resources. 'A possible solution to avoid unnecessary
23 litigation would be to stay the . . . hearing on damages until after the coverage question is
24 resolved.'. . . We agree with this suggestion and encourage trail judges and parties to
25 consider this alternative."*Waddell v. Titan Ins. Co.,* 207 Ariz. 529, 533 n. 3, 88 P.3d 1141,
26 1145 (App. 2004) quoting *HBH v. State Farm Fire & Casualty Co.,* 170 Ariz. 324, 330, 823
27 P.2d 1332, 1338 (App. 1991).

28 In the present case, Kemper does not argue that American Casualty unreasonably

1  delayed filing this action or that it had no right to do so in this court.  And, while it is true
2  that Bynum is not a party to this action, Kemper does not present any argument that Bynum
3  is unavailable to offer any evidence she might have that would bear on the reasonableness
4  of the settlement amount.  Based on these reasons, the Court declines to rule that American
5  Casualty has disqualified itself from requesting a reasonableness hearing.  Therefore,

6  **IT IS HEREBY ORDERED** denying Kemper's Motion Regarding Lack of Necessity
7  for a Reasonableness Hearing (Dkt. # 41).

8  DATED this 26th day of February, 2009.

*G. Murray Snow*
United States District Judge