1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, a Pennsylvania Company, | No. CV-07-1149-PHX-GMS |
|---|---|
| | No. CV-07-1520-PHX-GMS |
| | (Consolidated) |
| Plaintiff, | **ORDER** |
| vs. | |
| VALERIE A. KEMPER; JOHN DOE KEMPER, | |
| Defendants. | |

Pending before the Court is the Motion for Reasonableness Hearing of Plaintiff American Casualty Company of Reading, Pennsylvania. (Dkt. # 57.) For the following reasons, the Court grants the motion in part and schedules oral argument on the jury right issue.

This case is a result of the settlement of litigation between Defendant Valerie Kemper and Kathleen Bynum, a clinical/rehabilitation counselor, who was insured by Plaintiff American Casualty for professional and workplace liability. In the prior lawsuit, Kemper made a defamation claim against Bynum, and the parties eventually settled the claim pursuant to a Morris Agreement. Bynum stipulated to a judgment amount on the defamation claim in exchange for Kemper's agreement not to record or execute the judgment against

1  Bynum. Bynum then assigned her rights and claims under the American Casualty insurance
2  policy to Kemper.

3  American Casualty subsequently filed this lawsuit, seeking a declaratory judgment
4  that it was not required under the policy to defend or indemnify Bynum for the defamation
5  claim. (Dkt. # 1.) Kemper also filed suit against American Casualty, asserting claims of
6  breach of contract and breach of the duty of good faith and fair dealing. (Consolidated Case
7  No. CV-07-1520-PHX-GMS at Dkt. # 1 Pt. 3.) Plaintiff now moves for a hearing to
8  determine the reasonableness of Defendants' Morris Agreement. (Dkt. # 57.)

9  On February 26, 2009, the Court ruled that American Casualty had not disqualified
10 itself from requesting a reasonableness hearing. (Dkt. # 46 at 5.) Therefore, to the extent
11 that Plaintiff's motion is simply requesting a reasonableness hearing on the Morris
12 Agreement, the motion is granted. In their Response, however, Defendants request that the
13 hearing be conducted as part of the jury trial and contend that the issue of reasonableness is
14 subject to a jury right. (*See* Dkt. # 61 at 2-3.) In support of their position, Defendants cite
15 only to Article 6 Section 17 of the Arizona Constitution, Arizona Rule of Civil Procedure 38,
16 and two Arizona cases, none of which assist the Court in deciding whether a reasonableness
17 hearing is subject to a jury right in federal court. (*See id.*) Article 6 Section 17 of the
18 Arizona Constitution and Arizona Rule of Civil Procedure 38 are merely general provisions
19 which provide for a jury right when provided for in the Arizona Constitution and otherwise
20 do not speak to whether a jury right exists for a reasonableness hearing. In *Himes v. Safeway*
21 *Insurance Company*, one of the cases cited by Defendants in support of their request, the
22 Arizona Court of Appeals expressly declined to address whether a reasonableness hearing
23 is subject to a jury right. 205 Ariz. 31, 36, 66 P.3d 74, 79 (Ct. App. 2003) ("[W]e do not
24 wish to appear to decide the issue of whether a reasonableness hearing can only be conducted
25 before a trial judge or if it is subject to the constitutional or other provisions providing for
26 a jury determination. That issue has not been addressed in this case.") (citations omitted).

27 In its Reply, Plaintiff correctly argues that federal law governs whether a party in a
28 federal diversity proceeding is entitled to a jury trial on the reasonableness issue. (Dkt. # 62

1  at 2-3); *see Granite State Ins. Co. v. Smart Modular Tech., Inc.*, 76 F.3d 1023, 1026-27 (9th
2  Cir. 1996) ("In a diversity action, federal law governs whether a party is entitled to a jury
3  trial and if so, on what issues."). Plaintiff contends that, under federal law, the
4  reasonableness issue is not subject to a jury right and requests that the Court schedule a
5  hearing, with the Court as the trier of fact, prior to the jury trial on Defendants' claims
6  because "the parties are unable to engage in any meaningful settlement negotiations without
7  a decision as to the reasonableness of the settlement agreement in the underlying case." (Dkt.
8  # 62 at 8.) Plaintiff contends that judicial economy will be served by proceeding with the
9  reasonableness hearing prior to trial. (*Id.*)

10  While a reasonableness hearing may assist the parties in settlement negotiations, it
11  would not obviate the need for trial on any of the other issues in this case and therefore may
12  not result in a more efficient process. Should a jury render a verdict on the coverage issue
13  in favor of Plaintiff, a reasonableness hearing would be unnecessary. In that eventuality,
14  conducting a hearing prior to trial would prove much more inconvenient and would
15  needlessly delay final resolution of the case. Therefore, the Court declines to schedule a
16  reasonableness hearing before trial in this case.

17  The Court, however, will provide the parties an opportunity to argue whether
18  Defendants have a right to a jury trial on reasonableness on May 21, 2009 at 2:00 p.m. The
19  Court will thereafter determine whether it will conduct a jury trial in multiple phases or
20  conduct a reasonableness hearing to the Court if the jury finds liability.

21  **IT IS THEREFORE ORDERED** that the Motion for Reasonableness Hearing of
22  Plaintiff American Casualty (Dkt. # 57) is **GRANTED IN PART**.
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28

1    **IT IS FURTHER ORDERED** setting oral argument for **May 21, 2009 at 2:00 p.m.**
2 in Courtroom 602.  The parties are directed to focus their argument on whether a
3 reasonableness hearing is subject to a jury right in federal court.  Additionally, the parties are
4 directed to provide the Court with the citations to any case law relevant to this determination.
5    DATED this 7th day of May, 2009.

_____
G. Murray Snow
United States District Judge