1  **WO**

2  NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, a Pennsylvania Company,<br><br>Plaintiff,<br><br>vs.<br><br>VALERIE A. KEMPER; JOHN DOE KEMPER,<br><br>Defendants. | No. CV-07-1149-PHX-GMS<br>No. CV-07-1520-PHX-GMS<br>(Consolidated)<br><br>**ORDER** |

Pending before the Court is the issue raised by Plaintiff American Casualty Company of Reading, Pennsylvania ("American Casualty") in its Motion for Hearing (Dkt. # 57) of whether a reasonableness hearing should be conducted before the Court or before a jury. For the following reasons, the reasonableness hearing will be held before the Court.

**BACKGROUND**

The nature of this litigation is discussed in the Court's Order issued May 8, 2009 (Dkt. # 63), and will not be recapitulated here at length. In short, Defendant Valerie Kemper settled a lawsuit with non-party Kathleen Bynum, who was insured by American Casualty. In the settlement, Bynum agreed that Kemper was entitled to damages and assigned Kemper any claim she has under the American Casualty insurance policy. As part of the litigation

before this Court, American Casualty seeks a declaratory judgment that it was not required under the policy to defend or indemnify Bynum.

Pursuant to *United Services Automobile Association v. Morris*, 154 Ariz. 113, 120, 741 P.2d 246, 253 (1987), the Court has granted American Casualty a hearing on the reasonableness of the settlement amount agreed upon by Bynum and Kemper. (Dkt. # 63 at 2.) The Court has also held that the reasonableness hearing will be held after trial and not before. (*Id.* at 3.) The only remaining issue is whether a reasonableness hearing should be conducted before the Court or before the jury. (*See* Dkt. ## 57, 61, 62.)

**DISCUSSION**

In this case, Kemper "restates [her] jury trial demand as to the reasonableness of the underlying settlement, as provided and protected by applicable law." (Dkt. # 61 at 3.) Kemper declines to identify what that law is, other than by citing to Arizona law. However, federal law governs whether there is a right to a jury trial on this issue. *See Granite State Ins. Co. v. Smart Modular Tech., Inc.*, 76 F.3d 1023, 1026-27 (9th Cir. 1996) ("In a diversity action, federal law governs whether a party is entitled to a jury trial and if so, on what issues."); *see also* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2303 (3d ed. 2008) ("It now also is clear that federal law determines whether there is a right to a jury trial in a case involving state law that has been brought in federal court, and that in such a circumstance, state law is wholly irrelevant.").

The relevant inquiry, therefore, is whether the reasonableness determination is subject to a jury right under the Seventh Amendment to the United States Constitution.[1] *See Simlar v. Conner*, 372 U.S. 221, 222 (1963) (explaining that the jury trial right is governed by federal law in diversity actions in order to satisfy the requirements of the Seventh Amendment). That inquiry, in turn, requires a determination of whether the claim for a hearing on the reasonableness of the underlying settlement is a creature of law or equity. *See*

---

[1] The Seventh Amendment provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ."

*id.* (explaining that the federal law determination is whether the claim is legal or equitable); *In re U.S. Fin. Sec. Litig.*, 609 F.2d 411, 422 (9th Cir. 1979) ("[T]he basic consideration in determining when the right to jury trial applies depends on the ancient distinction between law and equity."). Specifically, "the Seventh Amendment preserved the right to trial by jury of all legal claims, whereas no right to a jury exists for equitable claims." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001) (internal brackets and quotations omitted).

The Ninth Circuit makes use of an "historical test"[2] to determine whether an issue is legal or equitable. *See Fin. Sec. Litig.*, 609 F.2d at 421-24. Under that test:

> [T]here is a right to jury trial when the issue presented in a case would have been heard at common law. And conversely, there is no right when the issue presented in a case, viewed historically, would have been tried in the courts of equity, or in some other manner without a jury.

*Id.* at 422; *see also United States v. Mo. River Breaks Hunt Club*, 641 F.2d 689, 692 (9th Cir. 1981) ("There is a right to jury trial when the issue presented in a case would have been heard at common law i.e., suits in which, historically, legal rights were to be ascertained and determined, in contradistinction to those where equitable rights and remedies were administered."). However, "courts are not rigidly bound to the procedural rules and forms

---

[2]American Casualty argues that the Court should apply the three-part test from *Ross v. Bernhard*, 396 U.S. 531, 538 n.10 (1970) ("[T]he 'legal' nature of an issue is determined by considering, first, the pre-merger custom with reference to such questions; second, the remedy sought; and, third, the practical abilities and limitations of juries."). Although one panel of the Ninth Circuit cited this test with approval, *see Am. Universal Ins. Co. v. Pugh*, 821 F.2d 1352, 1355 (9th Cir. 1987), an earlier Ninth Circuit panel stated that *Ross* did not establish a new test to be followed, *Fin. Sec. Litig.*, 609 F.2d at 424, 426 ("We do not believe that *Ross* may be read as establishing a new test for determining when the Seventh Amendment applies. . . . [W]e conclude that *Ross* may not be read as establishing a functional interpretation of the Seventh Amendment.") (italics added); *see also Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989) (recognizing but not resolving the disagreement between *Financial Services Litigation* and *American Universal*). This Court is bound by the earliest Ninth Circuit case until it is reversed by either the United States Supreme Court or the Ninth Circuit sitting en banc. *Hart v. Massanari*, 266 F.3d 1155, 1171-72 (9th Cir. 2001). Thus, the Court is bound by the interpretation of *Ross* as laid out in *Financial Services Litigation*.

of action as they existed in 1791," and courts may consider "procedural devices developed and expanded since 1791" that either limit or expand the right to a jury trial. *Id.*

Here, the claims and issues underlying the reasonableness hearing are essentially equitable. The underlying claim at issue is American Casualty's request for a declaratory judgment that the settlement amount was unreasonable (Dkt. # 1 at 11), and declaratory judgments are generally creatures of equity, *see Apache Survival Coalition v. United States*, 21 F.3d 895, 905 n.12 (9th Cir. 1994) (stating that a declaratory judgment "is equitable in nature"). Additionally, the type of determination to be made – the reasonableness of an award decided between two parties to be imposed on another – rests on traditional concerns of fairness that lie at the heart of a court's equitable powers. *Alton M. Johnson Co. v. M.A.I. Co.*, 463 N.W.2d 277, 279 (Minn. 1990) ("[T]his case is more accurately portrayed as an action to enforce an agreement against an indemnifier who was not a party to the agreement. The decisionmaker is being asked to apply its sense of fairness to evaluate a compromise of conflicting interests, a characteristic role for equity. In short, this action is more like an action in equity, which traditionally is tried to the court."). The similar determination of the reasonableness of an attorneys' fees award has likewise been held to be an equitable claim on which there is no right to a jury trial. *See Ginberg v. Tauber*, 678 A.2d 543, 548-49 (D.C. 1996). Thus, the Court concludes that the reasonableness hearing is essentially equitable and therefore not subject to a jury right.[3]

---

[3] The result would be the same under the *Ross* test. There was no pre-merger custom on which the Court could rely, and, as explained above, the nature of the remedy sought is essentially equitable. As for the practical abilities of juries, while the Court does not believe that a jury would be incapable of resolving this issue, the Court does agree with the reasoning of the Minnesota Supreme Court that "[t]he evaluation of this kind of proof is best understood and weighed by a trial judge." *Alton M. Johnson Co.*, 463 N.W.2d at 279 (articulating a variety of reasons as to why a judge is better equipped to make this determination than a jury).

Kemper has cited no authority with a contrary holding, nor is the Court aware of any such authority.[4] Indeed, the persuasive authority of which the Court is aware either directly holds or strongly suggests that reasonableness determinations are the province of trial court judges. The Minnesota Supreme Court has held that "[t]he evaluation of this kind of proof is best understood and weighed by a trial judge," *Alton M. Johnson Co.*, 463 N.W.2d at 279, and the North Dakota Supreme Court has cited that language with approval, *D.E.M. v. Allickson*, 555 N.W.2d 596, 603 (N.D. 1996). In Missouri, "whether a settlement amount is reasonable is within the discretion of the trial court." *Norris v. Nationwide Mut. Ins. Co.*, 55 S.W.3d 366, 370 (Mo. Ct. App. 2001); *see also id.* at 368-71 (affirming a trial judge's finding of reasonableness). In Washington, likewise, reasonableness hearings are decided by the court. Wash. Rev. Code § 4.22.060. In New Jersey, "it is the court's obligation to conduct an independent review of the Settlement in order to determine whether it is reasonable and made in good faith," *Fireman's Fund Ins. Co. v. Imbesi*, 826 A.2d 735, 750 (N.J. Super. Ct. App. Div. 2003), and it has been postulated by a federal district court that the Indiana Supreme Court would reach the same conclusion, *Midwestern Indem. Co. v. Laikin*, 119 F. Supp. 2d 831, 844 (S.D. Ind. 2000) ("[T]he court believes the Supreme Court of Indiana would instruct trial courts to resolve a challenge to the reasonableness of a consent judgment with a covenant not to execute . . . ."). The Arizona Supreme Court has issued an opinion framing the inquiry as one in which the trial court engages. *Parking Concepts, Inc. v.*

---

[4]At oral argument, Kemper offered two cases from the United States Supreme Court in support of her position: *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002) (holding that an action for reimbursement under an Employee Retirement Income Security Act ("ERISA") plan involved a legal determination, and therefore was not authorized as an equitable remedy under § 502(a)(3) of ERISA, because the petitioners were seeking to impose personal liability on the respondents for a contractual obligation to pay money damages), and *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687 (1999) (holding that, in an action under 42 U.S.C. § 1983, it was proper to submit the question of liability for a regulatory taking to a jury because the issue sounded in tort under § 1983, was essentially about the amount of damages due for the denial of just compensation, and therefore was a legal issue) (plurality opinion). Neither of these cases involve reasonableness determinations or are otherwise analogous to this case.

*Tenney*, 207 Ariz. 19, 24, 83 P.3d 19, 24 (2004) ("When evaluating a Morris settlement for reasonableness, *the superior court* should apply the same criteria that must be applied by the insurer under its implied contractual covenant of good faith and fair dealing in evaluating a settlement proposal in the absence of a reservation of rights.") (emphasis added). In sum, most if not all persuasive authority suggests that this is a determination within the province of the trial court judge.

For these reasons, the Court will determine the reasonableness of the settlement amount.

## CONCLUSION

There is no right to a jury trial in the context of a *Morris* reasonableness hearing.

**IT IS THEREFORE ORDERED** that, to the extent Plaintiff's Motion for Hearing (Dkt. # 57) requests that the Court determine the reasonableness of the underlying settlement, the motion is **GRANTED**.

DATED this 18th day of June, 2009.

_G. Murray Snow_
United States District Judge